VINCENT BUSZKIEWICZ, ADMINISTRATOR OF THE ESTATE
OF KAZIMIER HALAS, DECEASED,

*v.*

STATE OF ILLINOIS.

*Opinion filed March 17, 1915.*

1. RESPONDEAT SUPERIOR—*doctrine of not applicable to State.*
The doctrine of *respondeat superior* does not apply to the State,
and the State is not liable for the torts of its officers, agents and
employees.

2. SAME—*does not apply where officers exceed authority.*
Neither is the State liable if its officers exceed their authority.

3. PARK COMMISSIONERS—*are State officers.* The West Chicago
Park Commissioners is a municipal corporation.     (*Backer* v.
*West Chicago Park Commissioners,* 66 Ill. App., 507; *Brown* v. *City
of Decatur,* 188 Ill. App., 147), and the commissioners are State
officers. (*Wilcox* v. *People,* 90 Ill., 186; *West Chicago Park Com-
missioners* v. *McMullen,* 134 Ill., 170.)

3. WORKMEN'S COMPENSATION ACT—*Act of 1911 did not include
State.* The Workmen's Compensation Act of 1911 did not include
the State within its terms.

Frank P. Sadler, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assist-
ant Attorney General, for State.

The declaration in this case charges that the State
of Illinois, acting through the Lincoln Park Commis-
sioners of Cook County, was the owner of a railway in
Lemont, Cook County, upon which it was engaged on
September 15, 1912, in operating a certain engine by
its servants; that plaintiff's intestate was in the em-
ploy of the State acting through said commissioners;
that certain servants of the State, acting through the
commissioners, placed a plank along the foot board
of the engine so that it extended out on both sides of
the track, which plank was to be transported to an
excavator used in a rock plant where certain blasting
work was being done; that while the decedent was in
the exercise of due care and diligence for his own
safety and while he was riding on the foot board, the

State, by its servants, carelessly drove and managed the engine so that the plank came in contact with a stone box near the track, by means of which decedent was thrown in front of the wheels of the engine which ran over and killed him.

The declaration avers the heirship and deprivation of support, that the claim has not been assigned nor been presented to any one except the commissioners of Lincoln Park, who requested that it be held in abeyance for consideration by the board to be appointed by Governor Dunne; that the claim was presented to said new board and settlement demanded under the Workmen's Compensation Act in force May 1, 1912, or that a cash sum equivalent to what the petitioner would realize under the terms of said Act should be paid and that the claim was rejected by the Park Commissioners. Claimant demands ten thousand ($10,-000.00) dollars as damages.

To this declaration the State has demurred specially and generally, and for special causes of demurrer states, that the doctrine of *respondeat superior* does not apply, and that the State is not liable for the torts of its officers, agents or employees; that claimant is not entitled to recover under the Workmen's Compensation Act of 1911, which did not include the State as an employer; that the statement is uncertain and indefinite and does not state a cause of action; that there is no copy of letters of administration attached to the duplicate copy of the declaration filed.

The last two special causes of demurrer are not argued by the State, nor are they good causes of demurrer. We will consider (1), the question of the applicability of the doctrine of *respondeat superior,* and, that the State is not liable for the torts of its officers, agents or employees; (2) the claim under the Workmen's Compensation Law of 1911.

The Appellate Court of the First District of Illinois in *Backer* v. *West Chicago Park Commissioners,* 66 App., 507, 510, said:

"The West Chicago Park Commissioners is a municipal corporation, having certain limited powers granted to it by the legislature. The members of the Board of West Chicago Park Commissioners are agents, by whom, in part, the people of the State carry on the government. Their functions are essentially political and concern the State at large, although they are to be discharged within the town of West Chicago. * * * We cannot doubt that these Park Commissioners come within the term of officers. *Wilcox* v. *People,* 90 Ill., 186; *West Chicago Park Commissioners* v. *McMullen,* 134 Ill., 170. The parks and boulevards owned and controlled by the Park Board are held for the use of the public generally, as well as for the public in their immediate vicinity. *West Chicago Park Commissioners* v. *The City of Chicago,* 152 Ill., 393."

The Appellate Court in the same case, quoting Dillon on Municipal Corporations, said:

"* * * But if, on the other hand, they [the agents or servants of the municipal corporation], are elected or appointed by the corporation in obedience to the statute, to perform a public service not peculiarly local or corporate, but because this mode of selection has been deemed expedient by the legislature in the distribution of the powers of government—if they are independent of the corporation as to the tenure of their office, and the manner of discharging their duties, they are not to be regarded as the servants or agents of the corporation, for whose acts or negligence it is impliedly liable, but as public or State officers, with such powers and duties as the statute confers upon them, and the doctrine of *respondeat superior* is not applicable."

In *State Bank of Chicago, Admr., etc.,* v. *State,* 1 C. of C. R., 158, 164, this Court said:

"Public or State officers with only certain powers and duties enjoined upon them by the statutes, do not come within the doctrine of *respondeat superior.* Applying this rule, the South Park Commissioners being

merely appointive officers, with certain statutory powers, are mere subdivisions of the government. They are mere assistants to the State in the exercise of its functions; not created at their own instance and request, but for the purpose of aiding and assisting the sovereign power of the State in carrying on the functions of the government and they are not liable for the negligence or tortious acts of its servants. * * *'' Further the Court said: ''* * * it has been judicially decided that the Board of South Park Commissioners are not liable in their corporate capacity. How then can it be claimed that the State is liable for the acts of the Board of South Park Commissioners?''

In *Johnson* v. *State,* 1 C. of C. R., 208, a case wherein claimant was injured while in the employ of the Board of Park Commissioners of West Chicago, and on page 209 this Court said:

''The demurrer raises the question whether the State of Illinois is responsible to the claimant for the wrongful or negligent acts of its subordinate officers. This question has been so frequently decided and the authorities are so numerous that we deem it only necessary to cite them. * * * In these cases the Commission held the rule to be well settled that a State could not be held liable for the wrongful or negligent conduct of its officers. The principle is so well established by authority as to admit of no doubt.''

The above quoted cases are cited with approval in *Fowler, Admr.,* v. *State,* heretofore decided in this Court.

Claimant in this case argues that Lincoln Park Commissioners, in operating a railroad, exceeded the duties imposed by law. If that were the case, then the right of action would appear to be against the commissioners and those running the railroad as individuals. The State is not liable for the acts of its agents acting outside the scope of their authority.

Counsel for claimant has referred us to the case of *Holmes* v. *State,* 1 C. of C. R., 324. The opinion in the *Holmes case* has not been generally followed by the Court of Claims as an authority and in the later case of *Morrissey* v. *State of Illinois,* decided at the October Term, 1913, the rule as laid down in the *Holmes case* is discussed.

The *Morrissey case* is one practically identical in the facts with the *Holmes case.* In the *Morrissey case* we said:

"An examination of the cases leads us irresistibly to the conclusion, that the test of the capacity in which the State acts, is not what its agents may have been doing, but it is to be determined under what authority or law the agents were acting, and whether or not the State retains sole control of the agency involved. It cannot be said that the State cannot act governmentally along exactly the same lines that a private individual may act. We can readily appreciate that the leasing of privileges to cut ice or power privileges may be, in their nature, private enterprise, yet on the other hand, it cannot be said that the State, in the exercise of governmental function, cannot do these very things. * * * The State, in the discretion of its legislature, may change the official organization of the canal commission at will and the Canal Commissioners and their employees are, in every sense of the word, public servants under the complete control and direction of the State. Whatever of authority is vested in the commission or its employees is either specifically provided for by statute or is necessarily incidental thereto. * * * The *Holmes case* is practically *sui generis* with respect to the holding of this Court in the past, in holding that the State entered into private business enterprise. There are cases wherein the State has assumed responsibility for injuries sustained even when the defense of the exercise of governmental function might have been interposed, but this is done only by statute and the State clearly has the right to do

that. * * * So the State could have enacted that one injured through negligence of the State on the canal should be compensated, but the difficulty confronting the claimant is that there is no statute that so provides, and in the absence of such statute, it is the opinion of this Court that the finding in the *Holmes case* should not be followed."

In our view of the case under consideration, under the rule as laid down in the *Morrissey case,* the demurrer of the State on that point must be sustained.

With reference to the claim under the Workmen's Compensation Law of 1911, the demurrer must likewise be sustained.

The declaration does not really set up a claim under that Act, but counsel on both sides argue on the theory that it does.

The fact that the law of 1913 in the definition of the term "employer" includes the State, does not convince us that in the omission of such definition of the law of 1911, it was intended to include it in that law. If the law were applicable, then claimant is not in the proper forum, because that law provided for the appointment of the third arbitrator by the judge of a court in the county where the injured employee resided, and for appeals to the circuit court or the court that appointed the third arbitrator, of the county where the injury occurred, and in such view of the case, this Court would be without jurisdiction.

We do not believe that the law of 1911 applied to employees of the State, and the very fact that the law of 1913 did, in its definition of employer, include the State, would aid in determining that it was not the intention of the legislature to include the State in the former Act.

Counsel for claimant has referred us to the recently decided case of *Brown* v. *City of Decatur,* 188 Ill. App., 147, with the statement that "as Park Boards are a certain kind of municipal corporation, the Lincoln Park Board is included within the words 'every em-

ployer,' used in section 2 of the Act of 1911.'' This decision conforms with our view of the case, in that, if the board is a body subject to liabilities imposed by this law, the demurrer, based on the first two special causes assigned, will be sustained and as to the last two will be overruled.